JOHN S. LEONARDO
United States Attorney
District of Arizona
CHRISTINE D. KELLER
christine.keller@usdoj.gov
RACHEL R. STODDARD
rachel.stoddard@usdoj.gov
Assistant United States Attorneys
Two Renaissance Square
40 N. Central Ave., Suite 1200
Phoenix, Arizona 85004
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>vs.<br><br>Kenneth Wayne Becketts, Jr,<br><br>Defendant. | CR-13-01637-PHX-SRB (DKD)<br><br>**PLEA AGREEMENT** |

Plaintiff, United States of America, and the defendant, Kenneth Wayne Becketts, Jr, hereby agree to dispose of this matter on the following terms and conditions:

1. **PLEA**

The defendant will plead guilty to Count 1 of an Information charging the defendant with a violation of 18 United States Code (U.S.C.) § 1594(c) and 1591, Conspiracy to Commit Sex Trafficking of a Minor, a Class A felony offense, ~~and will admit the forfeiture allegations contained within the Information.~~ [handwritten: (As no forfeiture allegation is alleged in the Information)]

2. **MAXIMUM PENALTIES**

   a. A violation of 18 U.S.C. § 1594(c) and 1591, is punishable by a maximum fine of $250,000, a maximum term of imprisonment of life in prison, or both, and a term of supervised release of up to five years.

   b. According to the Sentencing Guidelines issued pursuant to the Sentencing Reform Act of 1984, the Court shall order the defendant to:

  (1) make restitution to any victim of the offense pursuant to 18 U.S.C. § 3663 and/or 3663A, unless the Court determines that restitution would not be appropriate;

  (2) pay a fine pursuant to 18 U.S.C. § 3572, unless the Court finds that a fine is not appropriate;

  (3) serve a term of supervised release when required by statute or when a sentence of imprisonment of more than one year is imposed (with the understanding that the Court may impose a term of supervised release in all other cases); and

  (4) pay upon conviction a $100 special assessment for each count to which the defendant pleads guilty pursuant to 18 U.S.C. § 3013(a)(2)(A).

 c. The Court is required to consider the Sentencing Guidelines in determining the defendant's sentence. However, the Sentencing Guidelines are advisory, and the Court is free to exercise its discretion to impose any reasonable sentence up to the maximum set by statute for the crime(s) of conviction, unless there are stipulations to the contrary that the Court accepts.

**3. AGREEMENTS REGARDING SENTENCING**

 a. <u>Stipulation</u>. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the United States and the defendant stipulate that the defendant will be sentenced to 96 months of imprisonment.

 b. <u>Stipulation</u>. Sex Offender Conditions. The defendant agrees to the following additional sex offender conditions during the term of supervised release: within three days of release from prison or sentence to probation, the defendant shall register as a sex offender in accordance with tribal, state and federal law in any jurisdiction in which he resides, is employed or is a student, and provide the supervising probation officer with verification of registration. During the term of supervised release, the defendant shall undergo sex offender treatment and counseling as directed by the probation department and as ordered by the court.

c. <u>Assets</u>. The defendant shall make a full accounting of all assets in which the defendant has any legal or equitable interest. The defendant shall not (and shall not aid or abet any other party to) sell, hide, waste, spend, or transfer any such assets or property before sentencing, without the prior approval of the United States (provided, however, that no prior approval will be required for routine, day-to-day expenditures).

d. <u>Acceptance of Responsibility</u>. If the defendant makes full and complete disclosure to the U.S. Probation Office of the circumstances surrounding the defendant's commission of the offense, and if the defendant demonstrates an acceptance of responsibility for this offense up to and including the time of sentencing, the United States will recommend a two-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G.§ 3E1.1(a). If the defendant has an offense level of 16 or more, the United States will recommend an additional one-level reduction in the applicable Sentencing Guidelines offense level pursuant to U.S.S.G. § 3E1.1(b).

4. **AGREEMENT TO DISMISS OR NOT TO PROSECUTE**

a. Pursuant to Fed. R. Crim. P. 11(c)(1)(A), the United States shall dismiss the Indictment at time of sentencing.

b. This office shall not prosecute the defendant for any offenses committed by the defendant, and known by the United States, in connection with additional acts of sex trafficking as outlined in the discovery produced in this matter. Moreover, the United States understands, based on an a confirming email dated October 9, 2014, that the Maricopa County Attorney's Office will not prosecute the defendant for any offenses associated with DR 2006 618 60821, as set forth in discovery produced in this matter.

c. This agreement does not, in any manner, restrict the actions of the United States in any other district or bind any other United States Attorney's Office.

5. **COURT APPROVAL REQUIRED; REINSTITUTION OF PROSECUTION**

a. If the Court, after reviewing this plea agreement, concludes that any provision contained herein is inappropriate, it may reject the plea agreement and give the

defendant the opportunity to withdraw the guilty plea in accordance with Fed. R. Crim. P. 11(c)(5).

    b. If the defendant's guilty plea or plea agreement is rejected, withdrawn, vacated, or reversed at any time, this agreement shall be null and void, the United States shall be free to prosecute the defendant for all crimes of which it then has knowledge and any charges that have been dismissed because of this plea agreement shall automatically be reinstated. In such event, the defendant waives any and all objections, motions, and defenses based upon the Statute of Limitations, the Speedy Trial Act, or constitutional restrictions in bringing later charges or proceedings. The defendant understands that any statements made at the time of the defendant's change of plea or sentencing may be used against the defendant in any subsequent hearing, trial, or proceeding subject to the limitations of Fed. R. Evid. 410.

6. **WAIVER OF DEFENSES AND APPEAL RIGHTS**

The defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentence, including the manner in which the sentence is determined, including but not limited to any appeals under 18 U.S.C. § 3742 (sentencing appeals) and motions under 28 U.S.C. §§ 2241 and 2255 (habeas petitions), and any right to file a motion for modification of sentence, including under Title 18, U.S.C., § 3582(c). This waiver shall result in the dismissal of any appeal, collateral attack, or other motion the defendant might file challenging the conviction, order of restitution or forfeiture, or sentence in this case.

7. **DISCLOSURE OF INFORMATION**

    a. The United States retains the unrestricted right to provide information and make any and all statements it deems appropriate to the U.S. Probation Office and to the Court in connection with the case.

  b. Any information, statements, documents, and evidence that the defendant provides to the United States pursuant to this agreement may be used against the defendant at any time.

  c. The defendant shall cooperate fully with the U.S. Probation Office. Such cooperation shall include providing complete and truthful responses to questions posed by the U.S. Probation Office including, but not limited to, questions relating to:

    (1) criminal convictions, history of drug abuse, and mental illness; and

    (2) financial information, including present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution.

## 8. FORFEITURE, CIVIL, AND ADMINISTRATIVE PROCEEDINGS

  a. Nothing in this agreement shall be construed to protect the defendant from administrative or civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Pursuant to 18 U.S.C. § 3613, all monetary penalties, including restitution imposed by the Court, shall be due immediately upon judgment and subject to immediate enforcement by the United States. If the Court imposes a schedule of payments, the schedule of payments shall be merely a schedule of minimum payments and shall not be a limitation on the methods available to the United States to enforce the judgment.

## 9. ELEMENTS

**Conspiracy to Engage in Sex Trafficking of a Minor**

Beginning on an unknown date before December 15, 2011, and continuing until on or about December 22, 2011, in the District of Arizona and elsewhere:

  1. There was an agreement between two or more persons to commit the crime of sex trafficking of a minor; and

  2. The defendant became a member of the conspiracy knowing of at least one of its elements and intending to help accomplish it; and

  3. One of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy.

The elements of the crime of Sex Trafficking of a minor are as follows:

1. One of the co-conspirators knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained by any means an individual;

2. The co-conspirators did the foregoing in reckless disregard of the fact that the individual had not attained the age of 18 and would be caused to engage in a commercial sex act; and; and

3. The co-conspirators' acts were in or affected interstate commerce.

**10. FACTUAL BASIS**

a. The defendant admits that the following facts are true and that if this matter were to proceed to trial the United States could prove the following facts beyond a reasonable doubt:

b. I met the victim, S.W., a minor, in mid-December of 2011. After meeting her, I, along with some associates, decided to recruit the victim to work as a prostitute who would perform commercial sex acts. In order to facilitate the commercial sex acts, we provided the victim with lingerie and took photographs of her in sexually suggestive poses while she was at my apartment. We posted advertisements of the victim on various internet web sites such as www.backpage.com, which included the photographs taken at my apartment. If an individual was interested in engaging in commercial sex acts with the victim, they would call the cellular phone number on the advertisement and we would instruct the victim on how to respond to coordinate the "date." I had the victim stay at my apartment over this period of time.

On or about December 22, 2011, the victim engaged in commercial sex acts with individuals who responded to the online advertisements we posted. The sex acts occurred at a Red Roof Inn located at the I-17 and Bell Road in Phoenix, Arizona, which is a national hotel chain that accommodates interstate travelers. The members of the conspiracy kept the money that was exchanged for the commercial sex act.

At the time the victim engaged in the above-mentioned commercial sex acts, I knew or was in reckless disregard of the fact that she was under the age of 18 years old. My

actions, or the actions of my co-conspirators, were in or otherwise affected interstate commerce.

    c.    The defendant shall swear under oath to the accuracy of this statement and, if the defendant should be called upon to testify about this matter in the future, any intentional material inconsistencies in the defendant's testimony may subject the defendant to additional penalties for perjury or false swearing, which may be enforced by the United States under this agreement.

## APPROVAL AND ACCEPTANCE OF THE DEFENDANT

I have read the entire plea agreement with the assistance of my advisory counsel as necessary. I understand each of its provisions and I voluntarily agree to it.

I have discussed the case and my constitutional and other rights with my advisory counsel. I understand that by entering my plea of guilty I shall waive my rights to plead not guilty, to trial by jury, to confront, cross-examine, and compel the attendance of witnesses, to present evidence in my defense, to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination, all with the assistance of counsel, and to be presumed innocent until proven guilty beyond a reasonable doubt.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised of and understand the nature of the charges to which I am entering my guilty plea. I have further been advised of and understand the nature and range of the possible sentence and that my ultimate sentence shall be determined by the Court after consideration of the advisory Sentencing Guidelines.

I have been advised, and understand, that under the Sex Offender Registration and Notification Act, a federal law, I must register and keep the registration current in each of the following jurisdictions: where I reside; where I am an employee; and where I am a student. I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information. I further understand that the

requirement to keep the registration current includes informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status. I have been advised, and understand, that failure to comply with these obligations subjects me to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

My guilty plea is not the result of force, threats, assurances, or promises, other than the promises contained in this agreement. I voluntarily agree to the provisions of this agreement and I agree to be bound according to its provisions.

I understand that if I am granted probation or placed on supervised release by the Court, the terms and conditions of such probation/supervised release are subject to modification at any time. I further understand that if I violate any of the conditions of my probation/supervised release, my probation/supervised release may be revoked and upon such revocation, notwithstanding any other provision of this agreement, I may be required to serve a term of imprisonment or my sentence otherwise may be altered.

This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal; accordingly, additional agreements, if any, may not be in the public record.

I further agree that promises, including any predictions as to the Sentencing Guideline range or to any Sentencing Guideline factors that will apply, made by anyone (including my attorney) that are not contained within this written plea agreement, are null and void and have no force and effect.

I am satisfied that I have represented myself competently.

I fully understand the terms and conditions of this plea agreement. I am not now using or under the influence of any drug, medication, liquor, or other intoxicant or

depressant that would impair my ability to fully understand the terms and conditions of this plea agreement.

Date Oct. 29, 2014                KENNETH WAYNE BECKETTS, JR.
                                   Defendant

## APPROVAL OF DEFENSE COUNSEL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Fed. R. Crim. P. 11, the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea including the maximum statutory sentence possible. I have further discussed the concept of the advisory Sentencing Guidelines with the defendant. No assurances, promises, or representations have been given to me or to the defendant by the United States or any of its representatives that are not contained in this written agreement. I concur in the entry of the plea as indicated above and that the terms and conditions set forth in this agreement are in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Fed. R. Crim. P. 11.

Date Oct. 29, 2014                JOANNE LANDFAIR
                                   Attorney for Defendant

//
//
//
//
//
//

## APPROVAL OF THE UNITED STATES

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth herein are appropriate and are in the best interests of justice.

JOHN S. LEONARDO
United States Attorney
District of Arizona

10/29/14
Date

*/s/ Christine D. Keller*

CHRISTINE D. KELLER
RACHEL M. STODDARD
Assistant U.S. Attorneys

## ACCEPTANCE BY THE COURT

3/31/15
Date

*/s/ Susan R. Bolton*

THE HONORABLE SUSAN R. BOLTON
United States District Judge

- 10 -